NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WHITSERVE LLC,**
*Plaintiff-Appellant*

**v.**

**DROPBOX, INC.,**
*Defendant-Appellee*

---

2019-2334

---

Appeal from the United States District Court for the District of Delaware in No. 1:18-cv-00665-CFC, Judge Colm F. Connolly.

---

Decided: April 26, 2021

---

MICHAEL JOSEPH KOSMA, Whitmyer IP Group LLC, Stamford, CT, for plaintiff-appellant. Also represented by STEPHEN BALL.

GREGORY H. LANTIER, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for defendant-appellee. Also represented by CLAIRE HYUNGYO CHUNG; ELIZABETH BEWLEY, Boston, MA.

---

Before REYNA, SCHALL, and WALLACH, *Circuit Judges*.

REYNA, *Circuit Judge*.

Appellant WhitServe LLC appeals from the United States District Court for the District of Delaware. WhitServe brought an infringement action against Dropbox. Dropbox moved to dismiss WhitServe's complaint with prejudice on grounds that the patent claims asserted by WhitServe are directed to patent ineligible subject matter. The district court granted Dropbox's motion to dismiss, and WhitServe appeals. We affirm the judgment of the district court.

BACKGROUND

WhitServe LLC ("WhitServe") filed suit on May 1, 2018 alleging that Dropbox, Inc. ("Dropbox") infringes at least claims 10 and 19 of U.S. Patent No. 8,812,437 ("the '437 patent"). The '437 patent, entitled "Onsite Backup for Third Party Internet-Based Systems," generally relates to "safeguarding customer/client data when a business outsources data processing to third party Internet-based systems," by backing up the internet-based data to a client's local computer. '437 patent col. 1 ll. 6–9. The specification discloses a "central computer," a "client computer," a "communications link" between each computer and the Internet, and a "database" containing a plurality of data records. *Id.* at col. 2 ll. 34–52; col. 4 ll. 4–13. The specification further discloses software that is capable of "modifying" the data records by "updating and deleting" data in the data records. *Id.* at col. 4 ll. 26–30. In sum, the disclosed computers can send a request for a copy of data records over the Internet, receive the request, and transmit a copy of the requested data. *See, e.g., id.* at col. 4 ll. 31–41.

Claim 10 is representative of the '437 patent's claims for purposes of this appeal.[1]  Claim 10 recites:

A system for onsite backup for internet-based data processing systems, comprising:

a central computer accessible by at least one client computer at a client site via the Internet for outsourced data processing;

at least one database containing a plurality of data records accessible by said central computer, the plurality of data records including internet-based data that is modifiable over the Internet from the client computer;

data processing software executing on said central computer for outsourcing data processing to the Internet from the at least one client computer, said data processing software modifying the internet-based data in the plurality of data records according to instructions received from the at least one client computer, the modifying including updating

---

[1]    On appeal, WhitServe contests the district court's treatment of claim 10 as representative.  *See* Appellant's Br. 17.    However, the district court determined that "WhitServe did not challenge Dropbox's treatment of claim 10 as representative or present any meaningful argument for the distinctive significance of any claim limitation not found in claim 10."  J.A. 9.  In addition, Whitserve's opening brief on appeal does not address any claim of the '437 patent other than claim 10 and thus WhitServe has waived the argument that claim 10 is not representative, and waived argument as to the patent eligibility of other claims in the '437 patent.  *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006).

and deleting the internet-based data in the plurality of data records;

a client data request, sent from at least one client computer via the Internet to said central computer, the client data request comprising a request for a backup copy of at least one of the plurality of data records;

software executing on said central computer to receive, via the Internet from the at least one client computer, the request for a backup copy of at least one of the plurality of data records including the internet-based data in the at least one of the plurality of data records that has been modified by said data processing software; and

software executing on said central computer to transmit the backup copy of the at least one of the plurality of data record [sic] including the internet-based data in the at least one of the plurality of data records that has been modified by said data processing software to the client site for storage of the internet-based data from the at least one of the plurality of data record [sic] in a location accessible via the at least one client computer;

wherein the location is accessible by the at least one client computer without using the Internet.

*Id.* at col. 4 ll. 14–50.

Dropbox moved to dismiss WhitServe's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that the '437 patent's claims recite patent ineligible subject matter pursuant to 35 U.S.C. § 101. On July 25, 2019, the district court granted Dropbox's motion to dismiss, concluding that the claims are directed to an abstract idea and fail to supply an inventive concept that transforms the abstract idea into a patent-eligible application.

*WhitServe LLC v. Dropbox, Inc.*, No. CV 18-665-CFC, 2019 WL 3342949, at \*1, \*5–6 (D. Del. July 25, 2019).

Specifically, the district court agreed with Dropbox that the '437 patent is directed to the abstract idea of "backing up data records," and concluded that the claims are not directed to an improvement in computer functionality. *Id.* at \*4–5. In addition, the district court found that representative claim 10 "recites only generic computer components performing routine computer functions." *Id.* at \*4. The district court found "nothing inventive in how the [']437 patent arranges the storage of backup data," reasoning that "[i]t is a well-understood practice of human organization that backup copies are stored in a location separate and distinct from the original location." *Id.* at \*5. The district court reasoned that if the original location was onsite, the conventional backup location would be offsite, or vice versa. *Id.* at \*5–6. The district court reasoned that the claims were similar to when "humans secure critical documents, such as wills . . . in a bank safe deposit box, but keep a copy at home for quick reference when needed." *Id.* at \*6.

Further, the district court observed that, contrary to WhitServe's argument, Dropbox was not required to separately address the patent's preemptive scope in order to prevail on its motion to dismiss, because preemption "is not a separate and independent test under *Alice,*" but rather is a "concern that undergirds [] § 101 jurisprudence." *Id.*

The district court rejected WhitServe's contention that factual issues precluded dismissal, noting that this court has "repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced," *id.* (quoting *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017)). The court stated that nothing in the allegations set forth in WhitServe's complaint or in the specification of the '437 patent would create a factual issue regarding patent eligibility. *Id.* at \*7.

The district court also rejected WhitServe's argument that the claims were patent eligible because the United States Patent and Trademark Office ("PTO") issued the patent and an issued patent is presumed to be valid, and because this court had determined previously, in another action, that the patent claimed eligible subject matter. *Id.* The district court concluded it was not bound by PTO's decisions and the agency's allowance of the '437 patent did not dictate the eligibility analysis. *Id.* In response to WhitServe's argument concerning the applicability of a prior decision by this court, the district court observed that this court's decision in *WhitServe LLC v. Computer Packages, Inc.*, 694 F.3d 10 (Fed. Cir. 2012), did not address the eligibility of the '437 patent, but rather the dissent addressed the eligibility of its family member, and therefore did not constitute a prior decision of this court on the eligibility of the '437 patent. *Id.*

The district court dismissed WhitServe's complaint with prejudice and entered judgment in favor of Dropbox. WhitServe appeals this decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's dismissal for failure to state a claim under the law of the regional circuit, here, the Third Circuit. *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016). The Third Circuit reviews the grant of a motion to dismiss de novo. *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). Patent eligibility under § 101 is ultimately a question of law, reviewable de novo, which may contain underlying issues of fact. *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1365 (Fed. Cir. 2021).

The Supreme Court has long held that "abstract ideas," such as "a fundamental economic practice long prevalent in" our society are patent ineligible subject matter. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216, 219

(2014) (internal quotation marks and citation omitted). The Supreme Court established a two-step inquiry to determine whether a patent covers patent ineligible subject matter, such as an abstract idea. At *Alice* step one, the court decides whether the claims are "directed to" patent ineligible subject matter. *Id.* at 217. To determine whether a claim is directed to patent ineligible subject matter, we may consider whether any claimed advance over the prior art alleged in the written description demonstrates more than an abstract idea, such as an improvement of a technological process, or merely enhances an ineligible concept. *In re: Bd of Trustees of the Leland Stanford Junior Univ.*, 991 F.3d 1245, 1250–51 (Fed. Cir. 2021); *see, e.g., Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 750 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 855, 205 L. Ed. 2d 460 (2020).

If the claims are not directed to patent ineligible subject matter, the *Alice* inquiry ends. If the claims are directed to patent ineligible subject matter, the *Alice* inquiry advances to step two. In step two, the court determines whether the claims contain an "inventive concept,"—i.e., an element or a combination of elements that transforms the nature of the claim into a patent-eligible application. *Id.* at 217–18. To uphold a patent at step two, an inventive concept "must be evident in the claims." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017). We begin our review with *Alice* step one.

I

WhitServe argues on appeal that claim 10 is not directed to an abstract idea. Rather, claim 10 is directed to a technological improvement comprising "a system for on-site storage of a backup copy of Internet-based data that has been updated or deleted over the Internet by the client, which improves the storage, access, flexibility, and security of data processing." Appellant's Br. 24. WhitServe relies on *Enfish*, and argues that the '437 patent is not "simply

directed to storing any data in a general form, but instead is directed to a specific form of storing a specific type of data . . . ." *See* Appellant's Br. 26 (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016) ("the claims are not simply directed to any form of storing tabular data, but instead are specifically directed to a self-referential table for a computer database.")(emphasis omitted)). According to WhitServe, claim 10 is directed to a practical solution to an internet-based problem. We disagree.

Claim 10 is directed to a system for maintaining data records, in particular, backing up data records. Claim 10 recites a "computer," a "database," "data processing software," and communication via the Internet. '437 patent col. 4 ll. 14–50. The specification explained that, the "computer is described as being "central" or belonging to a "client," *id.* at col. 2 ll. 40–43, the "database" merely "contain[s] a plurality of data records," *id.* at Abstract, and the "software" is capable of "displaying" the data records by "updating" and "deleting" the data, *id.* at col. 2 ll. 37–43. Finally, the claimed computers are described as being capable of sending, over the Internet, a request for a copy of data records, receiving the request, and transmitting a copy of the requested data. *Id.* at col. 4 l. 31–49. In other words, the system is for requesting, transmitting, receiving, copying, deleting, and storing data records. Such transmitting, saving, and storing of client records is a fundamental business practice that "existed well before the advent of computers and the Internet," *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327 (Fed. Cir. 2017); *see, e.g., Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("The concept of data collection, recognition, and storage is undisputedly well-known."). Independent claim 10 is, therefore, directed to an abstract idea.

WhitServe argues that, because the claims require a particular form of storage, namely "onsite" instead of

"offsite," they are directed to a specific improvement of a technological process. Whether the records are stored onsite of offsite does not alter the conclusion that the claims are directed to the abstract idea of maintaining data records, even if storage of the records is limited to the client's computer, rather than a web server. *See Intellectual Ventures I*, 838 F.3d at 1319.

WhitServe also argues that the claimed advance demonstrates a patent eligible improvement of a technological process. We disagree. Here, the claimed advance over the prior art, as stated in the specification and in claim 10, is the "onsite backup of data" and a "system for onsite backup of internet-based data processing systems." '437 patent col. 2 ll. 62–63; col. 4 ll. 13–14. The specification does not, however, explain the technological processes underlying the purported technological improvement. Instead, as the district court correctly explained, the claims "rely on the ordinary storage and transmission capabilities of computers within a network and apply that ordinary functionality in the particular context of onsite backup." *WhitServe*, 2019 WL 3342949, at *5. As we have previously noted, claims reciting computer function, or the mere manipulation of data, are directed to an abstract idea. *See, e.g., Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) (finding that a claim recited an ineligible abstract process of gathering and combining data that did not require input from a physical device). Here the system disclosed in claim 10 claims the computer function of maintaining data records, including storing records at different sites for added protection. This is an abstract idea. Accordingly, we conclude that claim 10 of the '437 patent is directed to an abstract idea.

## II

Step two of the *Alice* inquiry is a lifeline by which claims that are deemed to be directed to patent ineligible subject matter may be saved. At step two, we ask whether

the claim recites an inventive concept that transforms the abstract idea into patent eligible subject matter.

WhitServe contends that an inventive concept lies in the way the client is able to control and modify data—namely, "by offering users Internet-based data processing capabilities while allowing [for] the ability to edit and modify and transmit data records and further safeguard the data at a location without Internet access." Appellant's Br. 17, 29. WhitServe asserts that the patent takes the unconventional step of storing backup data onsite (i.e., a particular form of storage).

WhitServe also argues that the claim's recitation of an internet-based data processing software that allows the ability to "edit and modify" is an inventive concept that transforms the claims into something other than an abstract idea. We disagree. The patent itself discloses that companies were "increasingly moving their data processing systems onto the Internet and providing web interfaces for their customers to see and manipulate their own data." '437 patent at col. 1 ll. 13–16. Thus, the ability to edit and modify data was well known and cannot constitute an inventive concept.

As this court has explained, storing data is a "generic computer function[]." *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016). We have also noted that "sending and receiving information" over a network are "routine computer functions." *Intellectual Ventures I LLC v. Erie Idemnity Co.*, 850 F.3d 1315, 1329 (Fed. Cir. 2017); *see also Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367–68 (Fed. Cir. 2015) (finding that "database" and "communication medium" (including the Internet) are generic computer components); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (finding that "receiv[ing] and send[ing] the information over a network" is generic).

The claims recite generic computer components performing routine conventional functions. Viewing claim 10's elements in combination does not alter our conclusion because the claims lack a non-conventional and non-generic arrangement. *BASCOM*, 827 F.3d at 1350. Accordingly, we conclude that the '437 patent does not disclose an inventive concept and, as a result, does not transform claim 10 into patent eligible subject matter.

## III

WhitServe alleges that certain factual questions precluded a finding of ineligibility at the pleading stage. Specifically, WhitServe contends that whether the claims present an improvement to software and computer functionality is a disputed factual issue. Appellant's Br. 36–37. WhitServe adds that the question of what constitutes a well-known business practice or is well-understood, routine and conventional technology at the time of the invention are also disputed factual issues. *Id.* WhitServe asserts that the district court failed to analyze the claims from the perspective of one skilled in the art at the time of the invention, failed to consider certain objective indicia of nonobviousness (i.e., commercial success), failed to conduct claim construction, and failed to give WhitServe the statutory presumption of validity that exists once a patent issued. *Id.* at 37–44.

These purported factual questions do not preclude dismissal of this case at the pleadings stage, nor do they preclude a finding of ineligibility. Although a § 101 inquiry may implicate underlying factual questions in some cases, "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018); *see also BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290–91 (Fed. Cir. 2018) (distinguishing *Berkheimer* and affirming judgment of invalidity under § 101). Dismissal is appropriate where factual allegations are not

"plausible" or are "refute[d]" by the record. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (citation omitted). The district court found that there were "no concrete or specific allegations in WhitServe's complaint or discussions in the specification" regarding any improvements in technology, and thus there was "no factual issue that would preclude [it] from deciding . . . patent eligibility of the [']437 patent on a motion to dismiss." 2019 WL 3342949, at *6–7. We agree.

As noted above, we determine that the '437 patent is patent ineligible on the basis that the claimed systems apply a fundamental business concept of backing up records and provide a generic environment to carry out the abstract idea of obtaining and storing backup copies. Patent eligibility may be determined on the intrinsic record alone where, as here, the specification provides that the relevant claim elements are well-understood, routine and conventional. *See Berkheimer v. HP Inc.*, 890 F.3d at 1371 (Moore, J., concurring in the denial of en banc rehearing).

WhitServe argues that the district court erred by failing to consider objective criteria of non-obviousness as part of the *Alice* inquiry. We disagree. Objection indicia of non-obviousness are relevant in a § 103 inquiry, but not in a § 101 inquiry. Finally, as to claim construction, WhitServe waived any such argument by failing to request claim construction below, and by failing to explain how a different construction of any claim term would lead to a different result. *See Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1357 (Fed. Cir. 2003) (determining that a litigant who "d[oes] not urge a particular claim construction of the disputed language before the district court[] . . . waive[s] the right to do so on appeal").

## CONCLUSION

The court has considered WhitServe's additional arguments and finds them unpersuasive. We affirm the judgment of the district court.

**AFFIRMED**